IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEDON HOWARD,** | Case Number 1:15 CV 49 |
| Petitioner, | Judge John R. Adams |
| v. | Magistrate Judge James R. Knepp, II |
| **BRIGHAM SLOAN, WARDEN,** | |
| Respondent. | REPORT AND RECOMENDATION |

### INTRODUCTION

Petitioner LeDon Howard ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Sloan ("Respondent") filed a Return of Writ (Doc. 6) with attached exhibits. Petitioner was granted an extension of time until September 15, 2015, to reply but has failed to do so. (*See* Doc. 8). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated April 29, 2015). For the reasons discussed below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Eighth District Court of Appeals set forth the following findings of fact:

The facts presented at trial were as follows: On March 14, 2012, Janiece Kates loaned her 2008 Ford Focus to Howard at approximately 10 p.m. He did not return with the vehicle. Michael Reese, an investigator for the City of Cleveland Heights Division of Police responded to a report of a male asleep at the wheel at the intersection of Lee Road and Euclid Heights Boulevard in the early morning hours of March 15, 2012. Reese and another officer found Howard asleep at the wheel of Kates' vehicle. The car was in drive but Howard's left foot was on the brake. Officer Reese woke Howard and administered a field sobriety test that indicated a level of impairment for driving.

Howard was arrested and the vehicle was inventoried prior to tow. During the inventory, police discovered marijuana as well a plastic bag of pink tablets they believed to be ecstasy. The drugs were found in the partially open center console of the vehicle that was readily accessible to Howard. At the police station, Officer Reese administered a breathalyzer test which eliminated alcohol as the cause of Howard's impairment. Officer Reese asked Howard if he had taken any drugs and Howard admitted he had taken ecstasy.

The recovered bag contained 68 tablets that were submitted to BCI for analysis that revealed that the tablets contained N-Benzylpiperazine (BZP), a schedule 1 substance. The BCI analyst who tested the tablets testified that BZP is commonly found in ecstasy tablets.

(Doc. 6, Ex. 14).

**PROCEDURAL BACKGROUND**

The relevant procedural history is undisputed by the parties and was accurately summarized in Respondent's brief; therefore, it is incorporated herein with only minor changes. (Doc. 6, at 3-5).

*State Trial Court*

The January 2012 term of the Cuyahoga County Grand Jury issued an indictment charging Petitioner with trafficking and drug possession. (Doc. 6, Ex. 1). Petitioner pled not guilty to all charges. (Doc. 6, Ex. 4). [1]

---

1. Petitioner is also serving a three-year sentence for felonious assault. That conviction is not at issue here and is being challenged in a different federal habeas case which is still pending. (Ex.3, Doc. 6).

2

Petitioner moved to suppress evidence seized from the vehicle. (Doc. 6, Ex. 5). He withdrew this motion prior to trial. Without objection, the prosecutor also amended the indictment to describe the drug involved as BZP. (Doc. 6, Ex. 6).

The case proceeded to jury trial. After the State rested, Petitioner moved for a Rule 29 acquittal, which the court granted as to Count 1. (Doc. 6, Ex. 7). The jury found Petitioner guilty on the remaining Count 2, drug possession. (Doc. 6, Ex. 8). Petitioner made another Rule 29 motion, which the court denied. (Doc. 6, Ex. 9). On January 29, 2013, the court sentenced Petitioner to four years in prison for Count 2 and ordered him a pay a fine of $7,500. (Doc. 6, Ex. 10).

*Direct Appeal*

On February 13, 2013, Petitioner through new counsel filed a notice of appeal with the Eight District Court of Appeals, Cuyahoga County. (Doc. 6, Ex. 11). In his brief filed on May 28, 2013, petitioner raised the following assignments of error:

1. The evidence was insufficient to convict the appellant of drug possession.
2. The evidence was insufficient to convict the appellant of drug possession in an amount which was more than five times the bulk amount.
3. The appellant's conviction is against the weight of the evidence.
4. The court erred by failing to give a proper instruction on bulk amount.

(Doc. 6, Ex. 12). The State filed a brief in response. (Doc. 6, Ex. 13). On November 21, 2013, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 6, Ex. 14).

On April 14, 2014, Petitioner *pro se* filed a notice of appeal with the Ohio Supreme Court. (Doc. 6, Ex. 15). In his motion of leave to file a delayed appeal, Petitioner states his reasons for the delayed appeal were that: 1) he was prevented from access to legal materials due to incarceration; and 2) he sought help from the Ohio Public Defender's office, but did not receive the response timely. Petitioner set forth the following propositions of law he would raise if the appeal were allowed:

3

1. Was the evidence sufficient to convict the defendant of a second degree felony drug possession due to an amount five times greater than the bulk amount?
2. Did the trial court provide the correct definition in Ohio law of "bulk" in its instruction to the jury as it relates to the sufficiency of the evidence and proper jury instructions involving due process?

(Doc. 6, Ex. 16). On May 28, 2014, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the case. (Doc. 6, Ex. 17).

## FEDERAL HABEAS CORPUS

The instant Petition was given to the prison mail staff on January 1, 2015 and filed by the Court on January 9, 2015. (Doc. 1). Petitioner alleged the following grounds for relief:

**GROUND ONE:** The evidence was insufficient to convict the Petitioner of drug possession, and "[t]he evidence was insufficient to convict the Petitioner of drug possession in an amount which was more than five time the bulk amount."

**GROUND TWO:** The Petitioner's conviction is against the weight of the evidence.

**GROUND THREE:** The court erred by failing to give a proper instruction on bulk amount.

(Doc. 1).

## JURISDICTIONAL ISSUES

Respondent argues grounds one and three of the Petition should be dismissed as procedurally defaulted and ground two should be dismissed as non-cognizable. (Doc. 6, at 11-18).

*Procedural Default*

Procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to [the petitioner's] failure to raise them there as required by state procedure."

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006). In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub*, 349 F.3d. 340, 346 (6th Cir. 2003)(quoting *O'Sullivan*, 526 U.S. at 845).

A habeas petitioner may fail to obtain consideration of a claim by a state court in two scenarios, either: (1) he failed to fairly raise the claim before the state courts while state remedies were still available, or (2) he failed to comply with a state procedural rule which prevented the state courts from reaching the merits of the petitioner's claim. *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977). In either of these scenarios, the claim is procedurally defaulted and may not be considered by the federal court on habeas review. *Seymour v. Walker*, 224 F.2d 542, 550 (6th Cir. 2000).

If the state argues a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v.*

5

*Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[] a constitutional claim with a 'colorable showing of factual innocence.'" *Id.* at 495 (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell*, 428 U.S. 465, 492–93 (1976)).

<u>Grounds One and Three</u>

In ground one, Petitioner challenges the sufficiency of the evidence for a conviction on drug possession, and in ground three he alleges the jury instruction was improper. While Petitioner did raise these grounds on direct appeal to the Eighth District, he failed to timely appeal that decision to the Ohio Supreme Court. Furthermore, when he did pursue a delayed appeal to the Ohio Supreme Court, it was denied for lack of good cause. (Doc. 6, Ex. 17). Therefore, the Ohio Supreme Court never reached the merits of Petitioner's appeal due to his failure to meet the filing deadline.

Fair presentation requires claims be presented at each level of state review so as to allow the state court a full opportunity to resolve any constitutional issues. *O'Sullivan*, 526 U.S. at 848; *Caver*, 349 F.3d at 346. The failure to do so results in a waiver of those claims under *res judicata*. *Id.*; *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982). Petitioner did not timely present

grounds one and three to the Ohio Supreme Court and thus, the doctrine of *res judicata* applies. In defense of his failure, Petitioner argued his ignorance of the law; however, that is not a sufficient reason for failure to timely raise his claims. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Petitioner did not raise known issues in his direct appeal contrary to the doctrine of *res judicata* and the highest state court was unable to review the merits of these issues due to his failure; thus, the first two prongs of the *Maupin* standard are satisfied.

*Res judicata* has long been held to be a state procedural bar with the effect that claims not raised on direct appeal will be dismissed. *See State v. Perry*, 226 N.E.2d 104 (Ohio 1967). *Res judicata* is a "firmly established and regularly followed" state practice on which to foreclose federal review of a constitutional claim. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). Therefore, the third prong of the *Maupin* standard, adequacy and independence, is satisfied. *See Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004).

Petitioner has not asserted cause and prejudice or alleged actual innocence; accordingly the Court recommends grounds one and three of the Petition be dismissed as procedurally defaulted.

*Non-Cognizable Claims*

The Court will not have jurisdiction over Petitioner's claims for purposes of habeas corpus review if they do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254. Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("[a] claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Importantly, merely asserting a state law error violates the Federal Constitution is not sufficient to justify jurisdiction. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Nevertheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). "[T]he category of infractions that violate fundamental fairness is defined very narrowly", and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1977) (citations omitted); *see also Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993). The habeas petitioner bears the burden to show "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

Ground Two

In his second ground for relief, Petitioner challenges the sufficiency of his conviction because it was against the manifest weight of the evidence. This claim is non-cognizable because it would require the Court to perform tasks such as re-weighing the evidence or credibility of parties involved, a task for which it has no authority. *See Franklin v. Hudson*, 2009 WL 1362598 (N.D. Ohio); *Little v. Brunsman*, 2014 WL 4354547 (N.D. Ohio). A manifest weight of the evidence claim raises only an issue of state law and does not rise to the level of a federal constitutional violation. Furthermore, Petitioner has not alleged, much less directed the Court to evidence suggesting that a review under the manifest weight of the evidence results in a fundamentally unfair criminal process such that it violates due process. Thus, Petitioner's second ground for relief should be dismissed as non-cognizable.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Court deny the Petition.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).